# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1299 | **DATE** | 9/9/2003 |
| **CASE TITLE** | HENRIEESE ROBERTS vs. GURNEE RADIOLOGY, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 9/17/2003 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants defendant's motion to dismiss plaintiff's discrimination claims based on age, color, race and sex [10-1]. Only her disability discrimination claim remains.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 1 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | 03 SEP 10 AM 10:59 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HENRIEESE ROBERTS, | ) | **DOCKETED** |
| | ) | SEP 1 1 2003 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| GURNEE RADIOLOGY, LLC, | ) | 03 C 1299 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Henrieese Roberts ("Roberts") has sued Gurnee Radiology, LLC ("Gurnee Radiology") for discrimination based on her disability, age, color, race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Defendant has moved to dismiss or strike certain of these claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b). For the reasons provided in this Memorandum Opinion and Order, the Court grants defendant's motion.

## FACTS

On May 24, 2002, Roberts filed a charge of discrimination on the basis of disability with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). (Compl., Ex. 1., EEOC Charge.)[1] According to Roberts' charge, Gurnee Radiology had a job opening in August 2001,

---

[1] Because plaintiff attached to her complaint copies of her EEOC Charge and the Notice of Right to Sue provided by the EEOC, the Court may properly consider them as part of the complaint for purposes of the motion to dismiss. *See* FED. R. CIV. P. 10(c); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (holding that document attached to complaint becomes "part of it for all purposes.")

Roberts submitted her resume that same month to a Gurnee Radiology manager whom she observed outside, and the company never contacted Roberts regarding the position because she is disabled. *Id.*

On November 20, 2002, the EEOC issued Roberts a Notice of the Right to Sue. (Compl., Ex. 2, Notice of Right to Sue.) Roberts filed a civil action with this Court on February 20, 2003, complaining that the defendant had discriminated against her on the basis of her disability, as well as her age, color, race and sex. (Compl. ¶ 9.)

## DISCUSSION

Defendants move to dismiss plaintiff's complaint under Rule 12(b)(6) for failure to state a cause of action for discrimination based on age, race, color or sex. A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). When ruling on a motion to dismiss, "a district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The Court will deny a Rule 12(b)(6) motion "unless it is impossible to prevail 'under any set of facts that could be proved consistent with the allegations.'" *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997) (quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)). Defendants argue in support of their motion to dismiss that plaintiff's complaint fails to allege a Title VII cause of action as to age, color, race and sex because those forms of discrimination were not included in the underlying EEOC charge.

A plaintiff is generally not permitted to raise claims in a lawsuit that were not included in the underlying EEOC charge. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497,

2

500 (7th Cir. 1994) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). The rationale is two-fold. First, the charge serves as notice to the employer of the employee's complaints. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). Second, the charge provides an opportunity for the EEOC and the employer to investigate and resolve the disagreement. *Id.* The courts have recognized an exception to the general rule when the additional claims are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)) (en banc); *see also Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985).

The charge Roberts filed with the IDHR and EEOC clearly alleges that the defendant discriminated against her on the basis of disability. The standardized form used to file a charge requires the complainant to state the cause of discrimination, which plaintiff identified as "physical handicap." (Compl., Ex. 1.) The "issue/basis" of the charge provided by the plaintiff is "failure to hire on August 10, 2001, because of my physical handicap, visual impairment (AIDS [sic] associated disease, histoplasmosis." *Id.* The "prima facie allegations" stated by the plaintiff include the following: "I am a physically handicapped individual;" "The manager was aware of my handicap by visual observation [and s]he stated that she would try not to hold my disability against me;" "I . . . was qualified to perform with a reasonable accommodation;" and "I was not given an opportunity to request an accommodation." *Id.*

None of the additional claims raised in this suit are supported by the EEOC charge. The charge states that Roberts' date of birth is "00/00/00," and her age is not included anywhere on the form. Similarly, there is no reference within the charge as to plaintiff's color or race. Plaintiff did not even indicate whether her preferred form of

3

address was "Mr.," "Ms.," or "Mrs.," despite a prompt on the form, so the only indication of her sex is an inference from her name.

Plaintiff's claims of age, color, race and sex discrimination are not sufficiently similar or related to her charge of disability discrimination to fall within the exception provided in *Cheeks*. There is no reasonable basis upon which to infer that an EEOC investigation into Roberts' charge of disability discrimination would have also uncovered possible discrimination based on age, color, race or sex. As a consequence, the defendant was not afforded proper notice of those claims, and there was no opportunity to reach resolution through the EEOC. The Court finds that plaintiff's age, color, race and sex discrimination claims fall outside the scope of her EEOC charge, and, accordingly, the plaintiff is barred from basing her request for relief on these claims.

## CONCLUSION

For the reasons set forth above, the Court grants defendant's motion to dismiss plaintiff's discrimination claims based on age, color, race and sex [doc. no. 10-1]. Only her disability discrimination claim remains.

SO ORDERED            ENTER: 9/9/03

HON. RONALD A. GUZMAN
United States Judge

4